United States District Court
Southern District of Texas
**ENTERED**
November 05, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS P. SALDANA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:20-179 |
| | § | |
| BOBBY LUMPKIN, | § | |
| Defendant. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On November 2, 2020, Jesus P. Saldana filed a petition for a <u>writ of habeas corpus</u>, pursuant to 28 U.S.C. § 2254. Dkt. No. 1.

The Court has an independent obligation to review the petition to determine if it "plainly appears" that the petitioner is not entitled to relief. Rule 4, <u>Rules Governing Section 2254 Cases</u>.

After reviewing the record and the relevant case law, it is recommended that the petition be dismissed without prejudice for lack of jurisdiction. This petition is a second or successive <u>habeas</u> petition, which requires authorization from the Fifth Circuit before it can proceed in this court.

## I. Background

### A. Conviction and State Appellate Proceedings

On January 22, 2003, Saldana was indicted for (1) indecency with a child, B.B.; (2) aggravated sexual assault of B.B.; (3) indecency with B.B,; and (4) aggravated sexual assault of B.A., a minor. <u>Perez Saldana v. Thaler</u>, Civil Case No. 1:09-114 (S.D. Tex. 2009) (J. Hanen, presiding) (hereafter "First Habeas") Dkt. No. 11, Ex. 2 at 21-23.[1]

---

[1] In recounting the background of this case, the Court will refer to the records from Saldana's first <u>habeas</u> petition throughout this recommendation. The docket from the first <u>habeas</u> petition contains all of the necessary documents to decide the instant petition.

Prior to trial, the State dismissed the third count, the one charging him of indecency with B.B. Id., at 19.

On July 30, 2003, Saldana was found guilty of one count of indecency with a child and two counts of aggravated sexual assault of a child.  The jury charge listed the counts as Count I, Count II and Count III, which correlated to Count I, Count II and Count IV in the indictment, so as to ensure that the jury was unaware of the dismissed charge. First Habeas, Dkt. No. 11, Ex. 2 at 32-34.  Saldana was sentenced to 35 years imprisonment for each conviction, with each sentence set to run consecutively. Id.

Saldana filed a direct appeal of this conviction. First Habeas, Dkt. No. 11, Ex. 20 at 7-10.  On February 21, 2008, the Thirteenth Court of Appeals held that the conviction for indecency with a child with B.B. (Count I) violated the Double Jeopardy clause because it involved the same conduct and incident as the aggravated sexual assault of B.B. conviction (Count II).  At the same time, the Court of Appeals affirmed the convictions and sentences for the two counts of aggravated assault of a child (Counts II and IV in the indictment; i.e. Counts II and III in the jury charge). Saldana v. State, 287 S.W.3d 43 (Tex. App. 2008).  Accordingly, Saldana was given two consecutive sentences of 35 years each. Id.

On September 10, 2008, the Court of Criminal Appeals of Texas struck Saldana's petition for discretionary review for failing to provide 11 additional copies of the petition. Saldana v. State, No. PD-512-08, 2008 WL 4151877, at *1 (Tex. Crim. App. Sept. 10, 2008).  On October 29, 2008, Saldana's petition for discretionary review was refused by the Texas Court of Criminal Appeals. First Habeas Dkt. No. 11, Ex. 10 at 5 (appellate court order summarizing events without explanation).

On February 11, 2009, the Thirteenth Court of Appeals issued its opinion, dated February 21, 2008, as mandate. First Habeas, Dkt. No. 11, Ex. 10 at 5.  The issuance of a mandate rendered the conviction as final. Ex parte Webb, 270 S.W.3d 108, 111 (Tex. Crim. App. 2008) ("It has long been the rule that a conviction from which an appeal has been

taken is final for the purposes of Article 11.07 when the clerk of the court of appeals issues that court's mandate.").

On December 29, 2008 — prior to the appellate opinion being issued as mandate — Saldana filed a state <u>habeas</u> petition. <u>First Habeas</u>, Dkt. No. 11, Ex. 7 at 4, 6-40 and Ex. 8 at 1-28.  On March 4, 2009, the <u>habeas</u> petition was dismissed because the direct appeal was pending when the <u>habeas</u> petition was filed. <u>First Habeas</u>, Dkt. No. 11, Ex. 10 at 6.

**B. First Federal <u>Habeas</u> Petition**

On April 30, 2009, Saldana filed a petition for <u>writ of habeas corpus</u> by a person in state custody, pursuant to 28 U.S.C. § 2254. <u>First Habeas</u>, Dkt. No. 1.  In the petition, Saldana asserted four grounds for relief: (1) the variance of the numbering of the counts of conviction between the indictment and the jury charge and jury verdict form prejudiced Saldana; (2) Saldana was denied effective assistance of trial counsel when his attorney failed to object to the illegally obtained indictment; (3) the trial court illegally failed to answer allegations presented by Saldana; and (4) the criminal court of appeals improperly refused to allow Saldana to proceed with his <u>habeas</u> petition alleging his direct appeal was still pending. <u>Id</u>., at 7-8.

On December 17, 2009, the undersigned issued a report and recommendation, which found that while some of his claims were unexhausted, all of his claims were substantively meritless and should be denied on that basis. <u>First Habeas</u>, Dkt. No. 34.  Saldana timely objected to the report and recommendation. <u>Id</u>., Dkt. Nos. 38, 39.

On January 20, 2010, the District Judge adopted the report and recommendation after a <u>de novo</u> review of the record. <u>First Habeas</u>, Dkt. No. 40.

On February 17, 2010, Saldana timely filed a notice of appeal. <u>First Habeas</u>, Dkt. No. 44.  On March 22, 2010, the undersigned issued a report and recommendation, which recommended that Saldana be denied a certificate of appealability. <u>Id</u>., Dkt. No. 53.

3

On June 21, 2010, the District Judge adopted the report and recommendation, denying the issuance of a certificate of appealability. First Habeas, Dkt. No. 68.

On January 4, 2011, the Fifth Circuit further denied Saldana's request for a certificate of appealability, finding that reasonable jurists would not find the district court's resolution of the case to be debatable or wrong. First Habeas, Dkt. No. 83. Saldana's conviction was affirmed, and his appeal was dismissed. Id.

On October 11, 2011, the Supreme Court denied Saldana's petition for writ of certiorari. First Habeas, Dkt. No. 84.

### C. Current Habeas Petition

On November 2, 2020, Saldana filed the instant petition, pursuant to 28 U.S.C. § 2254. Dkt. No. 1. Saldana (1) re-urges his claim that he was prejudiced by the variance of the numbering of the counts of conviction between the indictment and the jury charge and jury verdict form and (2) his sentences were supposed to be run concurrently as opposed to consecutively. Dkt. No. 1-1.

Because it plainly appears from the petition that Saldana is not entitled to relief, the Court has not required the State to file a response. Rules 4 & 5, Rules Governing Section 2254 Cases.

## II. Applicable Law

### A. Section 2254

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner convicted in a state court may challenge his conviction to the extent it violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, only violations of the United States Constitution or federal law are subject to review by this Court under § 2254.

In conducting such a review, a federal district court may not issue a writ of habeas corpus for a defendant convicted under a state judgment, unless the adjudication of the

4

claim by the state court: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." Riddle v. Cockrell, 288 F.3d 713, 716 (5th Cir. 2002) (quoting 28 U.S.C. § 2254(d)(1)-(2)).

"A decision is contrary to clearly established federal law under § 2254(d)(1) if the state court (1) 'arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law'; or (2) 'confronts facts that are materially indistinguishable from a relevant Supreme Court precedent' and reaches an opposite result.'" Simmons v. Epps, 654 F.3d 526, 534 (5th Cir. 2011) (quoting Williams v. Taylor, 529 U.S. 362, 405 (2000)).

"The state court makes an unreasonable application of clearly established federal law if the state court (1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts'; or (2) 'either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" Simmons, at 534 (quoting Williams, at 407).

Additionally, the AEDPA requires that federal law be "clearly established" "as articulated by the Supreme Court." Woodfox v. Cain, 609 F.3d 774, 800 n. 14 (5th Cir. 2010). "[A] decision by . . . [the Fifth Circuit] . . . or one of our sister circuits, even if compelling and well-reasoned, cannot satisfy the clearly established federal law requirement under § 2254(d)(1)." Salazar v. Dretke, 419 F.3d 384, 399 (5th Cir. 2005).

Furthermore, a federal court may not review a state court's determination of state law issues. Thompson v. Thaler, 432 F. App'x 376, 379 (5th Cir. 2011); McCarthy v. Thaler, 482 F. App'x 898, 903 (5th Cir. 2012). "Under § 2254, federal habeas courts sit to review state court misapplications of federal law. A federal court lacks authority to rule

that a state court incorrectly interpreted its own law." <u>Charles v. Thaler</u>, 629 F.3d 494, 500–01 (5th Cir. 2011) (emphasis original).  "It is not our function as a federal appellate court in a <u>habeas</u> proceeding to review a state's interpretation of its own law, and we defer to the state courts interpretation of the Texas ... statute." <u>Schaetzle v. Cockrell</u>, 343 F.3d 440, 449 (5th Cir. 2003) (quoting <u>Weeks v. Scott</u>, 55 F.3d 1059, 1063 (5th Cir. 1995)).

### B. Successive Petitions

"Before a second or successive application [pursuant to § 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  In the absence of such court of appeals authorization, the district court lacks jurisdiction to consider the petition. <u>Jones v. Davis</u>, 703 F. App'x 354, 355 (5th Cir. 2017) (citing <u>U.S. v. Key</u>, 205 F.3d 773, 774-75 (5th Cir. 2000)).

## III. Analysis

As noted earlier, Saldana filed a § 2254 petition in 2009 attacking his convictions. For the reasons set forth below, this Court lacks jurisdiction because the instant petition is a second or successive petition.

### A. Successive

When a petitioner files a second or subsequent <u>habeas</u> petition attacking the same judgment of conviction that was attacked in the first petition, the second or subsequent petition is considered to be a successive petition. <u>See</u> <u>Hardemon v. Quarterman</u>, 516 F.3d 272, 275-76 (5th Cir. 2008) ("to be considered 'successive,' a prisoner's second petition must, in a broad sense, represent a second attack by federal <u>habeas</u> petition on the same conviction.") (quoting <u>Vasquez v. Parrott</u>, 318 F.3d 387, 390 (2d Cir. 2003)).  The instant petition attacks the same judgment of conviction as the first § 2254 petition that Saldana filed.  Accordingly, under the broad rule of <u>Hardemon</u>, the instant petition is a successive petition.

The fact that the petition is successive, does not foreclose the petition, but it does set up an additional barrier to its consideration by this Court.  In certain circumstances, successive claims are permitted, but only after obtaining permission from the Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).  In the absence of that authorization, the district court lacks jurisdiction to hear the case. Key, 205 F.3d at 774.  This rule clearly applies to this case.

Saldana has not identified, and the Court has not found, any authorization from the Fifth Circuit allowing Saldana to file the instant petition in this Court.  Absent such authorization, this Court lacks jurisdiction in this case.  In short, the Court is precluded from considering the merits of Saldana's claim.[3]

## IV. Recommendation

It is **RECOMMENDED** that Jesus P. Saldana's petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 be dismissed without prejudice for lack of jurisdiction.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2254 motion to the Court of Appeals. 28 U.S.C. § 2253(c)(1)(A).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322,

---

[3] The Court notes that res judicata would appear to be inapplicable to this case, despite the existence of the earlier case.  Res judicata does not directly apply in the habeas context where the previous petition was denied. Griggs v. U.S., 253 F. App'x 405, 410 n. 6 (5th Cir. 2007) (collecting cases).  Rather, unsuccessful habeas petitions are subject to the "second or successive" bar contained in 28 U.S.C. § 2244(b)(3) as a way of "empowering federal courts to control the potentially endless successive petitions attacking the conviction after an initial denial of habeas relief." Id.

Furthermore, even if the Court had jurisdiction over this case, it would recommend that the petition be denied for the reasons given in the report and recommendation in the first habeas proceeding.

336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006).  "Importantly, in determining this issue, we view the petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)." Druery v. Thaler, 647 F.3d 535, 538 (5th Cir. 2011) (internal quotations omitted) (citing Barrientes v. Johnson, 221 F.3d 741, 772 (5th Cir.2000)).  The district court must rule upon a certificate of appealability when it "enters a final order adverse to the applicant." Rule 11, Rules Governing § 2254 Petitions.

After reviewing Saldana's § 2254 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Saldana's § 2254 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is recommended that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1).  A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings

without conducting a <u>de novo</u> review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. <u>Alexander v. Verizon Wireless Servs., L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on November 5, 2020.

Ronald G. Morgan
United States Magistrate Judge